IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00565-RPM-MEH

DARCI KUNARD,

    Plaintiff,

v.

SCOTT LOWERY LAW OFFICE, P.C.,

    Defendant.

---

**ORDER ON MOTION FOR SANCTIONS
PURSUANT TO FED. R. CIV. P. 37(d)**

---

**Michael E. Hegarty, United States Magistrate Judge.**

    Before the Court is Defendant's Motion for Sanctions Pursuant to Fed. R. Civ. P. 37(d) [filed September 29, 2010; docket #20]. The matter is referred to this Court for disposition. The motion is fully briefed, and oral argument would not assist the Court in its adjudication. For the following reasons, the Court **denies without prejudice** Defendant's motion.

    Defendant's counsel first began asking for Plaintiff's deposition in May 2010. After several attempts were met with silence by Plaintiff's counsel, Defendant issued a notice of deposition on August 31, 2010, setting the deposition for September 21, 2010. This is sufficient notice under the rules. From August 31 to September 21, Defendant's counsel reminded Plaintiff's counsel of the deposition on several occasions. At noon on September 20, Plaintiff's counsel informed Defendant's counsel that Plaintiff was out of the country and would not be available for the deposition as noticed. On that date, Defendant's counsel informed Plaintiff's counsel that the Defendant would seek appropriate relief from the Court, "including a possible request for sanctions."

Subsequent deposition testimony revealed that Plaintiff was in Ontario, Canada. While it is true that this is "out of the country," one can fly from either Toronto, Ontario or Ottawa, Ontario to Denver in approximately five hours, one stop. This is not materially different than flying from an American city. Being "out of the country" does not suffice as a reason for nonappearance at a deposition. Plaintiff's counsel's proffered reason for Plaintiff's nonappearance also included "miscommunication" with the Plaintiff. Plaintiff's counsel has not been forthcoming concerning his communications with the Plaintiff, stating only that "[b]etween the time period of August 31, 2010 and September 20, 2010, Plaintiff and Plaintiff's counsel communicated regarding the noticed deposition date of September 21, 2010." Most likely, that communication occurred on or about September 17, 2010, as Plaintiff testified that she learned of the deposition the week before it was scheduled. This does not constitute due care in responding to reasonable discovery requests. Moreover, the Court has previously warned Plaintiff's counsel in writing of the consequences of violations of the Federal Rules or the local procedures of this Court. In such a circumstance, even more care than normal should be exercised when conducting the case.

Under Federal Rule of Civil Procedure 37(d), courts may impose sanctions, including reasonable expenses, when a party fails to appear for deposition after receiving proper notice. Fed. R. Civ. P. 37(d)(1)(A)(I) (2010). Courts should award reasonable expenses resulting from the failure to appear unless the failure was substantially justified or other circumstances exist which make the award unjust. Fed. R. Civ. P. 37(d)(3) (2010). The failure to appear need not be willful to warrant sanctions. *Lew v. Kona Hosp.*, 754 F.2d 1420, 1426 (9th Cir. 1985). The moving party must certify that it has "in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action." Fed. R. Civ. P. 37(d)(1)(B)

(2010). Plaintiff does not raise this latter requirement as a ground for denying Defendant's motion. However, the Court has an obligation on its own to ensure compliance with the Federal Rules of Civil Procedure. The certification requirement is an important element in the sanctions process. Moreover, if a litigant seeks a sanction for a violation of a Federal Rule of Civil Procedure, that litigant should not breach those same rules in the sanction request.

Therefore, Defendant's motion is denied without prejudice. Defendant's counsel should confer with Plaintiff's counsel in compliance with Rule 37(d)(1)(B) and re-file the motion if necessary; or, if Defendant's counsel believes that his efforts of September 20, 2010, constitute compliance with the rules, he should re-file the motion for sanctions with the appropriate certification based on those efforts. In either event, the Court encourages the parties to reach some agreement concerning the relief requested in the motion.

WHEREFORE, for the reasons stated above, Defendant's Motion for Sanctions Pursuant to Fed. R. Civ. P. 37(d) [filed September 29, 2010; docket #20] is **denied without prejudice**.

IT IS SO ORDERED.

Dated at Denver, Colorado, this 28th day of October, 2010.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge